# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DANIEL K. WOOLFORK, EVAN STONE,**

        **Plaintiffs,**

**-vs-**                                     **Case No. 6:06-cv-1194-Orl-28KRS**

**TWO MEN & A TRUCK/ORANGE COUNTY WEST, DUANE SELL,**

        **Defendants.**

___

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PARTIES JOINT NOTICE OF SETTLEMENT, MOTION FOR APPROVAL OF SETTLEMENT, MOTION TO RETAIN JURISDICTION TO ENFORCE THE SETTLEMENT AGREEMENT, MOTION TO APPROVE CONSENT JUDGMENT, AND MOTION TO DISMISS CASE WITH PREJUDICE (Doc. No. 32)** |
| **FILED:** | **October 24, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq*. The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the

Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In the parties' joint notice of settlement and motion for approval of the settlement agreements, doc. no. 32, the parties represent that the settlement was reached after an in depth analysis of time sheets and payroll records. Doc. No. 32 at 2. Counsel states that "[a]fter reviewing the Defendant's payroll records the Plaintiffs are satisfied that the amount of the settlement represents full compensation for their claims of unpaid wages and no compromise of their claims for unpaid wages are involved." *Id.* at 3. Because plaintiffs are receiving the full amount of compensation to which they were arguably entitled under the FLSA, I find that the proposed settlement is a fair and reasonable resolution of the case.

The settlement agreements purport to be confidential. Doc. Nos. 32-2 ¶ 7; 32-3 ¶ 7. Because the settlement agreement has been filed in the public record, any confidentiality has been lost. Pursuant to the severability provisions, the settlement agreements remain enforceable. Doc. Nos. 32-2 ¶ 13; 32-3¶ 13.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, except for the confidentiality provision, and dismiss the case without prejudice to reopening within sixty (60) days for good cause shown, or to submit a stipulated form of final order or judgment.[1]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 25, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[1] While proposed final consent judgments were submitted with the motion, counsel stated that these judgments "will be executed only in the event that the Defendant fails to pay in accordance with the terms as outline in the Settlement Agreement."